UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FLOYD D. BEST,<br><br>             Petitioner,<br><br>    vs.<br><br>JIM SPALDING,<br><br>             Respondent. | NO.  CV-04-482-CI<br><br>ORDER DISMISSING PETITION<br>WITHOUT PREJUDICE |

By Order filed April 12, 2005, the court granted Mr. Best an extension of time to comply with the initial Order to Show Cause why his petition should not be dismissed as time-barred.  Rather than comply, Mr. Best filed a "Motion for Stay of Proceedings or, in the Alternative, Dismissal Without Prejudice" (Ct. Rec. 12).

Petitioner failed to note his motion for calendar (and he did not present a memorandum in support of his motion) as required by Local Rule for the Eastern District of Washington 7.1(h).  **PETITIONER IS CAUTIONED THAT ANY FURTHER MOTIONS SUBMITTED TO THE COURT WITHOUT NOTING THEM FOR HEARING IN COMPLIANCE WITH THE LOCAL RULES WILL NOT BE ADDRESSED BY THE COURT.**  Because Mr. Best is *pro se*, the court will proceed with his motion at this time.

Petitioner asserts he is awaiting his transfer back to Grant County for re-sentencing.  He indicates it is uncertain whether the

ORDER DISMISSING PETITION WITHOUT PREJUDICE -- 1

issues in his federal habeas petition will become moot as a result of his upcoming trial court proceedings.  While the court will grant Mr. Best's request for voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(1), it is with the caution that such dismissal may effectively be "with" prejudice if Mr. Best's claims were indeed time-barred when he submitted this petition.  Accordingly, **IT IS ORDERED** the petition is **DISMISSED without prejudice** pursuant to Petitioner's Motion for Dismissal (Ct. Rec. 12).

   **IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Petitioner and close the file.

   DATED June 24, 2005.


                         S/ CYNTHIA IMBROGNO
                    UNITED STATES MAGISTRATE JUDGE

ORDER DISMISSING PETITION WITHOUT PREJUDICE -- 2